**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LOUIS HENNA, LLC,** <br> *Plaintiff* <br><br> **v.** <br><br> **STATE FARM LLOYDS,** <br> *Defendant* | § § § § § § § § § § | **Case No. 1:24-CV-01349-RP** |

## ORDER

Before the Court are State Farm Lloyds' Opposed Motion to Strike Expert Testimony of Arnulfo Escamilla (Dkt. 20), filed January 15, 2026; State Farm Lloyds' Motion for Partial Summary Judgment Regarding Extra-Contractual Claims (Dkt. 24), filed March 2, 2026; and the associated response and reply briefs.[1]

On July 29, 2024, Louis Henna, LLC filed this insurance coverage suit against State Farm Lloyds in the 455th Judicial District of Travis County, Texas, alleging only state claims. Dkt. 1-2. On November 6, 2024, State Farm removed to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, alleging that the amount in controversy exceeds $75,000 and complete diversity exists between the parties because State Farm was a citizen of Illinois and Arizona and Louis Henna was a "Texas company." Dkt. 1 at 2.

Louis Henna does not dispute that diversity jurisdiction exists and has not moved to remand. Even so, this Court has "an independent obligation to assess subject matter jurisdiction before

---

[1] By Text Orders entered February 2, 2026 and April 7, 2026, the District Court referred to this Magistrate Judge the motion to strike for disposition and the motion for partial summary for report and recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

exercising the judicial power of the United States." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023). The burden of establishing subject matter jurisdiction rests on the party asserting jurisdiction—in this case, State Farm. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017).

Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023).

Corporations are citizens of their state of incorporation and where they have their principal places of business. 28 U.S.C. § 1332(c). LLCs are citizens of any state of which their members are citizens. *SXSW*, 83 F.4th at 408. To establish diversity jurisdiction in a suit by or against an LLC, the party asserting jurisdiction "must specifically allege the citizenship of every member of every LLC," *Settlement Funding*, 851 F.3d at 536, with "clear, distinct, and precise affirmative jurisdictional allegations." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). When an LLC has a member which is also an LLC, the citizenship of the member LLC must be traced through all organizational layers of partners and members. *Mullins v. Test Am.. Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). In addition, because some states permit LLC membership without ownership, an LLC's citizenship cannot be established by merely naming its owners. *SXSW*, 83 F.4th at 408. Similarly, the citizenship of unincorporated associations such as State Farm is determined by each of its members. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

In its notice of removal, State Farm alleged that there is complete diversity between the parties because (1) "Plaintiff is a Texas company and was a citizen of Texas when the Petition was filed," and (2) State Farm is "an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois or Arizona." Dkt. 1 at 2. In support of its own citizenship, State Farm attaches an affidavit identifying the citizenship of each individual underwriter which shows they are all Illinois or Arizona citizens. Aff. of Brant Kaufamnn, Dkt. 1-3 ¶ 7. State Farm, however, does not identify and allege the citizenship of each member of Louis Henna and therefore has not established diversity of citizenship jurisdiction. *SXSW*, 83 F.4th at 408. But defective allegations of jurisdiction may be amended. 28 U.S.C. § 1653.

For these reasons, the Court **ORDERS** State Farm to file a brief

(1) identifying and alleging the citizenship of each member of Louis Henna, LLC and any sub-LLC, if relevant;

(2) identifying any differences between LLC membership and LLC ownership and how that affects the citizenship of each LLC member;

(3) showing whether there was complete diversity of each LLC member when State Farm removed this case on November 6, 2024; and

(4) addressing any other issues relevant to whether this Court has jurisdiction over this matter

by **May 15, 2026**. If necessary, Louis Henna may file a brief less responding to these and any other relevant jurisdictional issues by **May 22, 2026**.

**SIGNED** on May 5, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3